EDWARD P. PATTISON and Others, Claimants, v. THE STATE OF NEW YORK, Defendant.

(Claim No. 23192.)

Court of Claims, October 18, 1933.

*James C. Moore*, for the claimants.

*John J. Bennett, Jr., Attorney-General [Harold P. Burke, Second Deputy Attorney-General, of counsel]*, for the State of New York.

RYAN, J. On May 12, 1932, pursuant to law, the State of New York, through its Commissioner of Health, appropriated 138.14 acres of land belonging to the claimants. The property appropriated was known as Murray Hill, and was part of a tract of land acquired by John R. Murray of New York from Robert Morris in the year 1807. It is situate on the edge of the village of Mount Morris in Livingston county, upon the south high banks of the Genesee river overlooking the flat lands in which the village lies. The purpose of the appropriation was to acquire the property for a State tuberculosis hospital serving a group of western New York counties.

Murray Hill from a time shortly after its acquisition by the Murrays down to the date of its appropriation by the State had

been developed, improved, used and occupied as a gentleman's estate. Lying on a plateau at an elevation of 185 feet above the water level of the Genesee, completely shut off by its wooded banks from the village and the highway leading thereto, it was most admirably suited to the purpose for which it was developed and used over this long period of time. Standing timber and ornamental trees and shrubs, hedges and garden plots enhanced its value.

The buildings, consisting of a main dwelling house, a lodge-keeper's house, a farmer's house, barns, stables, grooms' quarters, icehouses, etc., while not in the best state of repair at the time of the appropriation, were nevertheless substantially constructed and in sound condition. Below the knoll small streams arising from natural springs were dammed up to make an artificial lake, and four cisterns of substantial capacities were used for the storage of water, which was pumped up from the lake. There were additional outbuildings and appurtenances and the property was laid out with gravel and dirt roads. All of the structures were suitable to the purpose for which the land was used.

Adjoining Murray Hill was a parcel of 170 acres which the State did not appropriate. This parcel was originally part of the Murray property, was severed from Mr. Murray's holding in 1866 and was reunited with Murray Hill in the year 1915. In that year Lydia U. Pattison, deceased wife of the claimant Edward P. Pattison, owned and occupied Murray Hill, and said claimant, who then acquired the 170-acre piece, transferred the same to his said wife in 1922, from which time to the date of the appropriation the approximately 300 acres were held in one ownership.

At the time of the appropriation there were no structures of any kind upon the 170 acres, which consist of farm lands, part pasture, part tillable, suitable for dairying and general farming in connection with and as an adjunct to the Murray Hill estate proper. The unappropriated lands were not wooded and ornamented as were the lands appropriated.

The State of New York might have chosen as a site for its new tuberculosis hospital a plot of land devoid of the trees, shrubbery and the other ornamentation which the natural beauty of location, careful planning and the ripening of the years have given to Murray Hill. It did not do so. After a view of the Murray Hill property the court is convinced that no other spot in western New York would provide in such measure the environment of peace and contentment known to be desirable for and a substantial aid in the recovery of tubercular patients. Murray Hill, so well adapted to use as a gentleman's estate, can likewise be put to

good use for the purpose for which the State of New York has acquired it.

After careful consideration of the various elements of damage of which testimony was offered and received upon the trial all of which enter into the market value of the land appropriated, and after a view of the property, we have come to the conclusion that the claimants have been damaged in the amount of $72,000, including the value of the lands taken and damages to the remainder. An award in the above-named amount, with interest from the date of the appropriation, should be made.

BARRETT and ACKERSON, JJ., concur.